FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

CIVIL DISTRICT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                    SECTION                    DIVISION

MALLORY WARE

VERSUS

ATLANTIC RICHFIELD COMPANY, *et al.*

FILED: _____        _____
                                                    DEPUTY CLERK

## PETITION FOR DAMAGES

**COMES NOW** Petitioner MALLORY WARE, by and through the undersigned counsel, who respectfully represents as follows:

1.    Petitioner **MALLORY WARE** is an adult resident citizen and domiciled in the County of Oktibbeha, State of Mississippi.

2.    Made Defendants herein are:

A. **PREMISES OWNERS**

1) **ATLANTIC RICHFIELD COMPANY,** a non-Louisiana business corporation domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816. This Defendant is being sued for premises/strict liability.

2) **BP CORPORATION NORTH AMERICA INC,** (hereinafter referred to as "BP Corporation"), a non-Louisiana business corporation domiciled in the State of Indiana, who is authorized to do and doing business in Louisiana, and has a registered agent in Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.
This Defendant is being sued for premises/strict liability.

B. **MANUFACTURERS/SELLERS/SUPPLIERS/CONTRACTORS/DISTRIBUTORS**

3) **ANCO INSULATIONS, INC.,** a corporation duly organized, created, and existing under and by virtue of the laws of the State of Louisiana, with its principal place of business in Port Allen, Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.
This Defendant is being sued as a seller/supplier/contractor/distributor defendant related to its use, supply/sale and distribution of asbestos-containing thermal insulation and other asbestos products, including but not limited to Kaylo and Unibestos pipe covering and block insulation at Petitioner's worksites.

1

EXHIBIT

A

VERIFIED

Amber Sheeler

2021 APR 14  A 09:05

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

4) **HOBART BROTHERS LLC. f/k/a Hobart Brothers Company,** is a limited-liability company domiciled in the state of Ohio, who is authorized to do and doing business in Louisiana, and has a registered agent in Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.
This Defendant is being sued as a manufacturer/seller/supplier defendant related to its manufacture, supply, sale and/or distribution of welding rods, which contained asbestos, and which emitted carcinogenic welding fumes at Petitioner's worksites.

5) **KOMP EQUIPMENT COMPANY, INC.,** a non-Louisiana business corporation, domiciled in Mississippi, which may be served via the Louisiana Long Arm Statute through its registered agent: George Komp, 412 JC Bryant Road, Hattiesburg, Mississippi 39401.
This Defendant is being sued as a supplier/seller/distributor defendant related to its supply/sale and distribution of asbestos-containing products and/or welding machinery/equipment at Petitioner's worksites.

6) **TAYLOR-SEIDENBACH, INC.,** a corporation duly organized, created, and existing under and by virtue of the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana, which may be served through its registered agent for service of process: Robert I. Shephard, 731 South Scott Street, New Orleans, Louisiana 70119.
This Defendant is being sued as a seller/supplier/contractor/distributor defendant related to its use, supply/sale and distribution of asbestos-containing thermal insulation and other asbestos products, including but not limited to Kaylo pipe covering and block insulation, and various Johns-Manville asbestos products at Petitioner's worksites.

7) **THE LINCOLN ELECTRIC COMPANY,** is a non-Louisiana business corporation domiciled in the State of Ohio, who is authorized to do and doing business in Louisiana, and has a registered agent in Louisiana, which may be served through its registered agent for service of process: CT Corporation System 3867 Plaza Tower Dr., Baton Rouge, LA 70816.
This Defendant is being sued as a manufacturer/seller/supplier defendant related to its manufacture, supply, sale and/or distribution of welding rods, which contained asbestos, and which emitted carcinogenic welding fumes at Petitioner's worksites.

## BACKGROUND

3.    Petitioner, Mallory Ware, was diagnosed with lung cancer in May 2020, which was caused by and a consequence of his exposure to asbestos and toxic welding fumes as set forth herein. As a direct and proximate cause of the delictual conduct of the defendants, Petitioner Mallory Ware contracted lung cancer and has suffered physically, financially, mentally, and emotionally.

4.    Orleans Parish is a proper venue based on the following:

a.    Orleans Parish is a proper venue for this matter pursuant to La. C.C.P. Art. 42(**4**), Orleans Parish is a proper venue because Defendant Taylor-Seidenbach, Inc. is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish.

2

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

b.    Furthermore, Orleans Parish is a proper venue for this matter pursuant to La. C.C.P. Art. 73, because each of the Defendants listed in Paragraph 2 above contributed to Mr. Ware's exposure to asbestos and/or toxic welding fumes, and resultant diagnosis of lung cancer and damages alleged herein, and therefore, each Defendant is solidarily liable to Petitioner with it co-defendant, Taylor-Seidenbach, Inc., who has designated as its primary business office or primary place of business in Orleans Parish. Petitioner was exposed to asbestos products used, supplied, sold and/or distributed by Defendant Taylor-Seidenbach, Inc.

5.    The damages sought by the Petitioner, exclusive of interest and costs, exceed the minimum jurisdictional limits of the court.

6.    Petitioner Mallory Ware would show that from approximately 1973 until 1989, he regularly worked with, around, and was exposed to asbestos-containing products, equipment, and/or machinery, as well as toxic welding fumes, as a result of and in connection with his work as a welder/hammer operator for various contractors at numerous industrial and production facilities in and around the State of Louisiana, as well as at/on certain offshore rigs and facilities, including but not limited to rigs and facilities, which were/are owned, operated and/or controlled by Defendant Atlantic Richfield Company and Defendant Bp Corporation North America Inc. Throughout this time period, this work involved and exposed Petitioner to asbestos dust and welding fumes.

7.    Petitioner worked from approximately 1973 to 1975 while employed by Lamb Services in Lafayette, Louisiana as a welder.  At this job, Petitioner refurbished old equipment including hydraulic tanks and small vessels. From approximately 1975 to 1980. Petitioner worked for Temco in Lafayette and at offshore drilling rigs as a welder and hammer operator.  From approximately 1979 to 1983 Petitioner worked as a welder while self employed by Ware Welding Services mostly offshore in the vicinity of Lafayette as a welder and subcontracted to Nicor Drilling.  Petitioner worked from 1984 to 1986 as a laborer for Taking Care of Business while refurbishing drilling rigs and platforms in the port at Sulphur, Louisiana.  Petitioner worked from 1984 to 1989 for Temco, both on land and offshore, as a welder and hammer operator.  Although Petitioner continued to work after 1989, Petitioner stipulates that he is not claiming exposure in this lawsuit for work that

3

FILED
2021 APR 13  P 05:27
CIVIL
DISTRICT COURT

occurred after 1989.

8.     Throughout this time period, while working at numerous jobsites, including but not limited to the jobsites listed in Paragraphs 6 and 7 above, Petitioner would show that he was occupationally exposed, on numerous occasions, to asbestos-containing products and equipment produced, used, distributed, supplied, manufactured, and/or sold by Defendants and, in so doing, has inhaled great quantities of hazardous asbestos fibers.

9.     Throughout this time period, while working at numerous jobsites, including but not limited to the jobsites listed in Paragraphs 6 and 7 above, Petitioner would further show that he was exposed, on numerous occasions, to toxic welding fumes from equipment produced, used, distributed, supplied, manufactured, and/or sold by Defendants, and in so doing, has inhaled a great quantity of toxic welding fumes.

10.    Further Petitioner alleges, as more specifically set out below, that Petitioner has suffered injuries proximately caused by his exposure to asbestos-containing products/equipment as well as welding equipment/products which were designed, manufactured, distributed, sold and/or used by entities that include but are not limited to the herein-named Defendants: Anco Insulations, Inc., Hobart Brothers L.L.C. f/k/a Hobart Brothers Company, Komp Equipment Company, Inc, Taylor Seidenbach, Inc, and The Lincoln Electric Company.

11.    Before and during Mallory Ware's exposure periods, each of the Defendants utilized, designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos, asbestos-containing materials, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products ("ACMs") for use at including, but not limited to, oil fields/oil exploration areas owned and/or controlled by the above-named Premises Defendants, where Petitioner was exposed to asbestos, asbestos-containing products, equipment requiring or calling for the use of asbestos and/or asbestos-containing products, construction materials, insulation, and machinery requiring or calling for the use of asbestos and/or asbestos-containing products that contained a fibrous, incombustible, chemical-resistant mineral substance commonly called "asbestos."

4

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

12.     When inhaled asbestos and welding fumes cause irreparable and progressive lung damage that can manifest itself as lung cancer.

13.     Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing as well as welding products they were selling and/or using. Instead of warning Petitioner and the general public about these dangers, the Defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, as well as welding equipment and to avoid litigation by those who were injured from asbestos and toxic welding fume inhalation.

14.     As a direct and proximate result of having inhaled, ingested, or otherwise been exposed to asbestos and toxic welding fumes as described above, Petitioner Mallory Ware contracted lung cancer which was caused by his occupational exposure to asbestos and/or to welding fumes. Mallory Ware's lung cancer was diagnosed in or around May, 2020.

15.     Because of the latency period between exposure to asbestos and welding fumes and the onset of lung cancer, and because of the active concealment by some Defendants of the causes and effects of exposure to asbestos and toxic welding fumes, Petitioner did not know, and reasonably could not have known, that his injuries were caused by his asbestos and/or welding fume exposures until (at the earliest) less than one year prior to the filing of the instant Petition for Damages.

**<u>COUNT I: GENERAL NEGLIGENCE ALLEGATIONS (All Defendants)</u>**

16.     On information and belief, the Premises Liability Defendants identified in Paragraph 2 above were responsible to provide Petitioner with warnings concerning hazardous conditions at their sites or relating to their hazardous ACMs and toxic welding fumes and/or generally to provide Petitioner with safe premises in order to protect life, health, safety, and welfare of Petitioner, including the following responsibilities.

      A.     Inspection, approval and supervision of these various premises for hazards and vices that may present a hazard to Petitioner;

      B.     To see that proper safety rules were adopted, promulgated, and enforced concerning

2021-03231

**B**

Section 5

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

the use and handling of hazardous materials that may present harm to people on the premises;

C. To see that workers performed their duties pertaining to their work in a proper, safe and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner;

D. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos and welding fume inhalation, involving the use and storage of hazardous materials;

G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent Petitioner from being harmed by exposure to asbestos and toxic welding fumes in the environment in which he was required to be present;

H. To make certain that Petitioner was provided a safe environment, free from excess asbestos dust and toxic welding fume inhalation and operations free from excess asbestos dust as well as toxic welding fumes;

I. To measure the levels of asbestos dust in the premises working environment;

J. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act;

K. To warn Petitioner of the dangers posed by the polluted atmosphere in which he was required to work including, but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos and welding fume exposure to persons with pre-existing smoking habits from the handling and use of asbestos and welding fumes.

17. The manufacturer/seller/supplier/contractor/distributor defendants were negligent in the following aspects:

a. Placing into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Petitioner's health and well-being. The Defendants were negligent in one, some and/or all of the following respects, among others, same being that proximate cause of Petitioner's illnesses and disabilities.

    i. In failing to timely and adequately warn Petitioner of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

6

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

ii.     In failing to timely and adequately warn Petitioner of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

iii.     In failing to provide Petitioner with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Petitioner from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

iv.     In failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products, or on the asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

v.     In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

vi.     In failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

vii.     In failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

viii.     In failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

ix.     In failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

x.     In failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products, or on the asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

xi.     In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

xii.     In failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or

7

FILED

2021 APR 13   P 05:27

CIVIL

DISTRICT COURT

asbestos-containing products;

xiii.   In failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

xiv.   In failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

xv.   As to the welding rod manufacturers, additionally failing to adequately warn Petitioner of the hazards of inhaling the toxic and carcinogenic welding fumes that were created in the normal operation of the welding rods and to advise Petitioner as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Petitioner from being harmed and disabled by exposure to toxic welding fumes.

18.    Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

19.    Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner was required to enter and work, which were damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health posed by working in an atmosphere polluted with asbestos dust and toxic welding fumes without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that respiratory illness, such as the lung cancer suffered by Petitioner, could have been avoided by the use of adequate ventilation, warnings, packaging and safety equipment.

20.    The negligence of each of the Defendants was a substantial contributing factor in causing the disease and damages alleged and complained of herein to Petitioner.

**COUNT II: STRICT LIABILITY AND NEGLIGENCE**
**ALLEGATIONS AGAINST PREMISES DEFENDANTS:**
**ATLANTIC RICHFIELD COMPANY and BP CORPORATION NORTH AMERICA, INC**

21.    Pursuant to La. Civil Code Articles 2317 and 2322, Petitioner alleges a claim for strict liability against the Premises Defendants identified in Paragraph 2A above for failing to provide Petitioner with a safe place to work free from the dangers of respirable asbestos-containing dust and toxic welding fumes, which failure was a proximate cause of his injuries. Petitioner worked at premises, facilities, and/or drilling sites/rigs that were owned, operated and/or controlled by Premises Defendants.

8

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

22.    The premises within which Petitioner was exposed to asbestos and toxic welding fumes were owned by and in the custody of these Premises Defendants at all times relevant hereto, and were unreasonably dangerous due to the presence and use of ACMs and toxic welding fumes without adequate precautions taken to minimize the risk of exposure and absolutely no warning of that risk. These unreasonably dangerous conditions were a direct and proximate cause of Petitioner's injuries.

23.    Premises Defendants  are liable to Petitioner for the damages described herein for the following acts of negligence while Petitioner was working within the respective work sites:

    A.    failure to provide Petitioner with a safe place to work;

    B.    failure to provide Petitioner with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos and toxic welding fumes, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos and toxic welding fumes into the ambient air, medical monitoring, and air monitoring; and

    C.    failure to inform or warn Petitioner of the hazards of asbestos exposure as well as toxic welding fumes.

    D.    failure to provide the Petitioner with safety equipment;

    E.    failure to provide the Petitioner with correct, adequate, or proper safety equipment;

    F.    recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to Petitioner regarding asbestos and welding fume hazards in general and with regard to those specific hazards at the work site;

    G.    negligently omitted to reveal critical medical and safety information from Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products as well as toxic welding fumes at the worksites;

    H.    failure to timely remove asbestos hazards from the work place;

    I.    failure to properly supervise or monitor the work areas for compliance with safety regulations;

    J.    failure to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

    K.    Inducing Petitioner to work in areas polluted with respirable asbestos fibers.

24.    As a direct result of the aforementioned acts, Petitioner inhaled and otherwise ingest asbestos fibers from the asbestos and asbestos-containing products as well as toxic welding fumes present within his work sites and as a direct result, Petitioner suffered the injuries complained of herein.

25.    During the course of Petitioner's work Petitioner was exposed to asbestos and/or asbestos-

FILED

2021 APR 13   P 05:27

CIVIL

DISTRICT COURT

containing products and toxic welding fumes which were in the care, control and custody of Defendants. Because of the extreme hazard it poses to humans, asbestos constitutes a defect or vice in the products to which Petitioner was exposed, which defect, or vice was a cause in fact of Petitioner's injuries described herein. Accordingly, these Premise Defendants are strictly liable to Petitioner in accordance with Louisiana Civil Code article 2315 and 2317.

26.     During the course of Petitioner's work, Petitioner was exposed to asbestos and welding fumes  released from these premises, which release was a cause in fact of Petitioner's injuries described herein. Accordingly, these Defendants are strictly liable to Petitioner in accordance with, but not limited to, Louisiana Civil Code article 2315, former Louisiana Civil Code articles 660 and 669, and *Langlois v. Allied Chemical Corp*, 249 So.2d 133 (La. 1971).

27.     For all pertinent times, the Premises Defendants, knew or should have known that asbestos and welding fumes posed a hazard to humans, and that there were specific engineering and industrial hygiene controls that could help reduce the levels of airborne asbestos fibers, nonetheless failed to or suppressed, through silence, neglect or inaction, the truth regarding asbestos and welding fumes to Petitioner so as to obtain an unjust advantage for themselves over and at the expense of Petitioner or to cause loss or inconvenience to Petitioner. This action or inaction by the Premises Defendants was a direct and proximate cause of the damages described herein.

28.     During the course of Petitioner's work at these Defendants' premises/facilities, the ACMs and welding fumes that contributed to Petitioner's exposure were all within the *garde*, care, custody, and control of the respective Premises Defendants, and these Premises Defendants are therefore strictly liable for Petitioner's injuries pursuant to Louisiana Civil Code Articles 660, et seq., 2315, 2317, or 2322.

**COUNT III: STRICT LIABILITY & NEGLIGENCE OF
MANUFACTURERS/SELLERS/SUPPLIERS/CONTRACTORS/DISTRIBUTORS:**
ANCO INSULATIONS, INC, HOBART BROTHERS LLC F/K/A HOBART BROTHERS COMPANY,
KOMP EQUIPMENT COMPANY, INC, TAYLOR SEIDENBACH, INC, and THE LINCOLN ELECTRIC
COMPANY

29.     Defendants identified in Paragraph 2B above as manufacturers, sellers, contractors, distributors and/or suppliers of asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or creating or emitting

2021-03231

**B**

Section 5

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

respirable welding fumes, and were engaged in the business of using, manufacturing or facilitating the manufacture of said asbestos, asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, or representing themselves as manufacturers of said asbestos-containing products and/or equipment, or were professional vendors of said asbestos, asbestos-containing products, and/or equipment, which were expected to and did reach the Petitioner's job sites where he was exposed to them.

30.      The asbestos and/or asbestos-containing products and/or equipment, including welding rods requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, distributed, supplied and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Petitioner who was an intended and foreseeable user and bystander who was exposed to these products and/or equipment.  These defects include, without limitation, the following:

   A. The manufacture, sale, supply, distribution and use of asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products that are unreasonably dangerous, or unreasonably dangerous per se;

   B. the manufacture, sale, supply, distribution and use of asbestos, asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in his respective trades;

   C. lack of warning or of sufficient warning of the hazards of welding fumes, asbestos, asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products would present in the course of their normal foreseeable use or intended use;

   D. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of asbestos, asbestos-containing products and/or equipment  requiring or calling for the use of asbestos and/or asbestos-containing products and/or safety instructions regarding eliminating or reducing the health risks associated with the intended use of welding rods and the fumes generated while welding;

   E. failure of Defendants to inspect these asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products to assure sufficiency and adequacy of warnings and safety cautions and/or failing to provide adequate warnings and safety cautions regarding asbestos and/or welding fumes;

   F. failure to test or adequately test these welding rods and/or asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

asbestos-containing products for defects or hazards they could present to the intended or foreseeable users;

G. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these welding rods and/ or asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products by intended or foreseeable users;

H. failure to properly design these welding rods and/or asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products when the nature of these products and/or equipment did not require use of asbestos mineral or where alternate, equally suitable substances were readily available and / or generate toxic dust and fumes in the normal use of the product;

I. defects in the composition and construction of these welding rods and / or asbestos-containing products and/or equipment  requiring or calling for the use of asbestos and/or asbestos-containing products;

J. failure to recall these welding rods,  asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products mined, manufactured, sold, distributed and/or supplied;

K. failure to properly package these welding rods, raw asbestos, asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products so that they could be safely transported, handled, stored or disposed of;

L. over warranting the safety of these asbestos, asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, sold, supplied and/or used by Defendants;

M. are liable to Petitioner in strict liability for things in their garde, possession, custody, or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner Mallory Ware; and

N. other defects or fault as may be revealed in discovery or at trial.

31.    The defective conditions of the Defendants' welding rods/products, and/or asbestos-containing products and/or equipment requiring or calling for the use of and fault as noted above, are a proximate cause of Petitioner's injuries complained of herein.

32.    Petitioner also alleges that the Defendants identified in Paragraph 2B above were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

## DAMAGES

33.    **WHEREFORE**, on the basis of all of the foregoing premises set out above, Petitioner Mallory Ware requests that Defendants be served with this Petition for Damages, and that there be

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

judgment against these Defendants jointly, severally and *in solido* in a sum sufficient to compensate

Petitioner for the following:

    a.    all past, present and future medical costs or expenses related thereto;

    b.    all past, present, and future disability;

    c.    all past, present, and future rehabilitation;

    d.    all past, present and future mental suffering, anguish, and pain;

    e.    all past, present and future physical pain and suffering;

    f.    loss of enjoyment and quality of life;

    g.    mental anguish and fear of future recurrence of his lung cancer and or future disability;

    h.    all forms of relief or categories of damages allowed by Louisiana law against parties the law allows such claims to be alleged against, with interest, from the date of injury until paid, plus costs of these proceedings.

    **WHEREFORE**, Petitioner Mallory Ware prays that all Defendants named in this Petition for

Damages be cited to appear and answer as the law directs, and that, after due proceedings are had,

Petitioner recover of and from the Defendants jointly, severally, and *in solido* for his damages as

alleged, in an amount which the evidence may show proper at the time of trial, together with costs,

and legal interest from the date of judicial demand until paid, and for such other and further relief,

special and general, as law and equity may permit.

    Respectfully submitted,

    **THE CHEEK LAW FIRM LLC**

    LINDSEY CHEEK, LA Bar No. 34484
    Jeanne S. Arceneaux, LA Bar No. 36035
    650 Poydras Street, Suite 2310
    New Orleans, LA 70130
    Telephone: 504-304-4333
    Fax: 504-324-0629
    lcheek@thecheeklawfirm.com
    jarceneaux@thecheeklawfirm.com

    -and-

    **NAPOLI SHKOLNIK, PLLC**
    PATRICK N. HAINES TX Bar #00784191
    *(pro hac vice to be filed)*

2021-03231

# B

## Section 5

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

Mark Twain Plaza I
101 West Vandalia St., Suite 200
Edwardsville, IL 62025
Tel: 618.307.4528
Fax: 312.610.5680

**COUNSEL FOR PETITIONER**

E-Filed

FILED

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

## SERVICE INTRUCTIONS

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONER'S ORIGINAL PETITION FOR DAMAGES:

1.   **ANCO INSULATIONS, INC.**
     Registered Agent:
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DRIVE
     BATON ROUGE, LA 70816

2.   **ATLANTIC RICHFIELD COMPANY**
     Registered Agent:
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DRIVE
     BATON ROUGE, LA 70816

3.   **BP CORPORATION NORTH AMERICA INC.**
     Registered Agent:
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DRIVE
     BATON ROUGE, LA 70816

4.   **HOBART BROTHERS LLC., f/k/a Hobart Brother Company**
     Registered Agent:
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DRIVE
     BATON ROUGE, LA 70816

5.   **KOMP EQUIPMENT COMPANY, INC.**
     Via the Louisiana Long Arm Statute:
     George Komp
     412 JC Bryant Rd.
     Hattiesburg, MS 39401

6.   **THE LINCOLN ELECTRIC COMPANY**
     Registered Agent:
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DR.
     BATON ROUGE, LA 70816

7.   **TAYLOR-SEIDENBACH, INC.**
     Registered Agent:
     Robert I. Shephard
     731 South Scott St.
     New Orleans, LA 70119

E-Filed

**FILED**

2021 APR 13  P 05:27

CIVIL

DISTRICT COURT

CIVIL DISTRICT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                    SECTION                    DIVISION

MALLORY WARE

VERSUS

ATLANTIC RICHFIELD COMPANY, *et al.*

FILED: _____     _____
                                                                   DEPUTY CLERK

**PETITION FOR DAMAGES**

COMES NOW Petitioner MALLORY WARE, by and through the undersigned counsel,

who respectfully represents as follows:

1.      Petitioner **MALLORY WARE** is an adult resident citizen and domiciled in the County of

Oktibbeha, State of Mississippi.

2.      Made Defendants herein are:

A. **PREMISES OWNERS**

    1) **ATLANTIC RICHFIELD COMPANY**, a non-Louisiana business corporation domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816. This Defendant is being sued for premises/strict liability.

    2) **BP CORPORATION NORTH AMERICA INC**, (hereinafter referred to as "BP Corporation"), a non-Louisiana business corporation domiciled in the State of Indiana, who is authorized to do and doing business in Louisiana, and has a registered agent in Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.
This Defendant is being sued for premises/strict liability.

B. **MANUFACTURERS/SELLERS/SUPPLIERS/CONTRACTORS/DISTRIBUTORS**

    3) **ANCO INSULATIONS, INC.**, a corporation duly organized, created, and existing under and by virtue of the laws of the State of Louisiana, with its principal place of business in Port Allen, Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.
This Defendant is being sued as a seller/supplier/contractor/distributor defendant related to its use, supply/sale and distribution of asbestos-containing thermal insulation and other asbestos products, including but not limited to Kaylo and Unibestos pipe covering and block insulation at Petitioner's worksites.

1

APR 1 6 2021

VERIFIED

E-Filed

**VERIFIED**

Amber Sheeler

2021 APR 14  A 09:05



CIVIL DISTRICT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2021-03231          SECTION 5          DIVISION B

MALLORY WARE

VERSUS

ATLANTIC RICHFIELD COMPANY, *et al.*

FILED: _____          _____
                                        DEPUTY CLERK

## PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES WITH INCORPORATED MOTION FOR LEAVE OF COURT

**COMES NOW** Plaintiff MALLORY WARE, by and through the undersigned counsel, who

respectfully moves the Court for leave to file this *First Supplemental and Amending Petition* to his

*Original Petition for Damages* in the following particulars:

I.

Plaintiff wishes to supplement and amend his *Original Petition for Damages* to amend and to

add the following Defendants to this action:

8)  **CHEVRON U.S.A., INC., f/k/a GULF OIL CORPORATION,** a non-Louisiana business corporation domiciled in the State of Pennsylvania, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: The Prentice-Hall Corporation System, Inc., 501 Louisiana Ave., Baton Rouge, LA 70802.
    This Defendant is being sued as a Premises/Strict Liability defendant.

9)  **CHEVRON U.S.A HOLDINGS INC., F/K/A TEXACO EXPLORATION AND PRODUCTION INC.,** a non-Louisiana business corporation domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808.
    This Defendant is being sued as a Premises/Strict Liability defendant.

10) **CONOCOPHILLIPS COMPANY f/k/a PHILLIPS PETROLEUM COMPANY,** a non-Louisiana business corporation domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: United States Corporation Company 501 Louisiana Ave., Baton Rouge, LA 70802.
    This Defendant is being sued as a Premises/Strict Liability defendant.

11) **EXXON MOBIL CORPORATION,** a non-Louisiana business corporation domiciled in the State of New Jersey, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: Corporation Service Company 501 Louisiana Ave., Baton Rouge, LA 70802.
    This Defendant is being sued as a Premises/Strict Liability defendant.

12) **MARATHON OIL COMPANY,** a non-Louisiana business corporation domiciled in the State of Ohio, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

1

This Defendant is being sued as a Premises/Strict Liability defendant.

13)  **SHELL USA, INC., f/k/a SHELL OIL COMPANY,** a non-Louisiana business corporation domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. This Defendant is being sued as a Premises/Strict Liability defendant.

14)  **TEXACO, INC,** a non-Louisiana business corporation domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process: The Prentice-Hall Corporation System, Inc., 2711 Centerville Rd., Ste 400, Wilmington, DE 19808. This Defendant is being sued as a Premises/Strict Liability defendant.

Plaintiff reiterates all matters contained in the *Original Petition for Damages* and allege the same against these Defendants, including the prayer of the *Original Petition for Damages*, as though set forth at length herein.

**WHEREFORE,** Plaintiff Mallory Ware prays that the *Original Petition for Damages* be supplemented and amended in the above particulars and that, after due proceedings had, there be a judgment herein in favor of Plaintiff in appropriate amounts to be determined the by fact finder, said judgments against all Defendants jointly, severally, and *in solido*, said amounts to bear legal interest from the date of the judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

**THE CHEEK LAW FIRM LLC**

LINDSEY CHEEK, LA Bar No. 34484
650 Poydras Street, Suite 2310
New Orleans, LA 70130
Telephone: 504-304-4333
Fax: 504-324-0629
lcheek@thecheeklawfirm.com
asbestos@thecheeklawfirm.com

-and-

**NAPOLI SHKOLNIK, PLLC**

PATRICK N. HAINES TX Bar #00784191
(*pro hac vice*)
Mark Twain Plaza I
101 West Vandalia St., Suite 200
Edwardsville, IL 62025
Tel: 618.307.4528
Fax: 312.610.5680

**COUNSEL FOR PETITIONER**

2

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all known

counsel of record via electronic mail this 23rd day of January 2023.

LINDSEY CHEEK


CIVIL DISTRICT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2021-03231          SECTION 5          DIVISION B

MALLORY WARE

VERSUS

ATLANTIC RICHFIELD COMPANY, *et al.*

FILED: _____          _____
                                                    DEPUTY CLERK

## ORDER

The Court, having reviewed Plaintiff's Motion for Leave to File his First Supplemental and

Amending Petition for Damages, **GRANTS** said Motion.

It is further **ORDERED, ADJUDGED, AND DECREED** that Plaintiff may file his First

Supplemental and Amending Petition for Damages.

New Orleans, Louisiana this ___ day of ___Feb 23 2023___, 2023.

(Sgd.) Richard G. Perque
Judge Pro Tempore - Division "B"

_____
**Hon. Richard Perque**

A TRUE COPY
*Ashley Wallone*
DEPUTY CLERK - MINUTE CLERK
CLERK OF CIVIL DISTRICT COURT
PARISH OF ORLEANS, STATE OF LA

4

<u>SERVICE INTRUCTIONS</u>

**PLEASE SERVE PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES AND PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES ON THE FOLLOWING:**

1. **CHEVRON U.S.A., INC., f/k/a GULF OIL CORPORATION,**
   The Prentice-Hall Corporation System, Inc.,
   501 Louisiana Ave.,
   Baton Rouge, LA 70802.

2. **CHEVRON U.S.A HOLDINGS INC., F/K/A TEXACO EXPLORATION AND PRODUCTION INC**
   Corporation Service Company
   251 Little Falls Drive
   Wilmington, DE 19808.

3. **CONOCOPHILLIPS COMPANY f/k/a PHILLIPS PETROLEUM COMPANY,** United States Corporation Company
   501 Louisiana Ave.,
   Baton Rouge, LA 70802.

4. **EXXON MOBIL CORPORATION,**
   Corporation Service Company
   501 Louisiana Ave.,
   Baton Rouge, LA 70802.

5. **MARATHON OIL COMPANY**
   CT Corporation System
   3867 Plaza Tower Dr.,
   Baton Rouge, LA 70816.

6. **SHELL USA, INC., f/k/a SHELL OIL COMPANY,**
   CT Corporation System
   3867 Plaza Tower Dr.,
   Baton Rouge, LA 70816.

7. **TEXACO, INC,**
   The Prentice-Hall Corporation System, Inc.,
   2711 Centerville Rd., Ste 400
   Wilmington, DE 19808.

**PLAINTIFF WILL SERVE THE DEFENDANTS NAMED IN HIS ORIGINAL PETITION FOR DAMAGES THROUGH COUNSEL OF RECORD PURSUANT TO LA.C.C.P. ART. 1313.**