UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MALLORY WARE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1407** |
| **ATLANTIC RICHFIELD COMPANY, ET AL.** | **SECTION: "P" (4)** |

### ORDER AND REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, filed by defendant Marathon Oil Company ("Marathon").[1] Plaintiff Mallory Ware responds in opposition,[2] and Marathon replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order and Reasons denying the motion.

**I.   BACKGROUND**

This case concerns claims related to asbestos exposure. In May 2020, Ware was diagnosed with lung cancer that he attributes to exposure to asbestos and toxic welding fumes.[4] On April 13, 2021, Ware filed this suit in state court against several defendants, divided into two categories – (1) premises owners and (2) manufacturers, sellers, suppliers, contractors, and distributors – alleging that he was exposed to asbestos-containing products, equipment, and machinery, along with toxic welding fumes, when he worked as a welder and hammer operator at various industrial facilities and on offshore rigs from 1973 to 1989.[5] Ware divides his claims into three counts: (A)

---

[1] R. Doc. 13.
[2] R. Doc. 18.
[3] R. Doc. 23.
[4] R. Doc. 1-2 at 2.
[5] *Id.* at 1-3.

negligence against all defendants, (B) strict liability and negligence against the premise defendants, and (C) strict liability and negligence against the manufacturers, sellers, suppliers, contractors, and distributors.[6] On January 23, 2023, Ware filed his first amended petition adding Marathon as a "[p]remises/[s]trict [l]iablity" defendant, among others.[7] Thereafter, Marathon removed the suit to this Court, asserting federal-question subject matter jurisdiction because Ware's claims against it and other defendants fall under the Outer Continental Shelf Lands Act.[8]

## II. PENDING MOTION

Marathon filed the instant Rule 12(b)(6), or alternatively, Rule 12(e), motion, arguing that Ware's complaint fails to allege sufficient facts to state a claim for relief.[9] Marathon contends that Ware's complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure because it does not contain a short and plain statement with sufficient facts to notify Marathon of the substance of Ware's claims.[10] Marathon also says that Ware made allegations that "sound in fraud," but failed to fully allege fraud with particularity pursuant to Rule 9 of the Federal Rules of Civil Procedure.[11]

Ware opposes, arguing that he has alleged sufficient facts to state negligence and strict liability claims against Marathon as a premises defendant.[12] Those facts are: (1) that Ware was exposed to asbestos-containing dust and welding fumes while working at Marathon's premises, rendering the premises unreasonably dangerous; (2) that Marathon failed to warn Ware of the risk of welding fumes; (3) and that Marathon was in control or custody of the dangerous chemicals.[13] Ware candidly admits that he did not supply the when and where of Marathon's alleged actions,

---

[6] *Id.* at 5-12.
[7] *Id.* at 17.
[8] R. Doc. 1 at 1-2.
[9] R. Doc. 13.
[10] R. Doc. 13-1 at 3-4.
[11] *Id.* at 4-6.
[12] R. Doc. 18 at 1-5.
[13] *Id.* at 3.

but contends that Marathon is in a better position to know those specifics from its records because Ware was employed for nearly twenty years at many different facilities.[14] With respect to fraud and Rule 9, Ware concedes that he does not allege a fraud claim.[15]

In reply, Marathon reiterates its belief that Ware's complaint does not satisfy Rule 8 because he did not allege the who, what, when, and where to support his claims.[16] Marathon also argues that Ware's complaint constitutes a "shotgun pleading" because Ware's claims against Marathon are lumped together with those against other defendants.[17]

## III. LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[19] The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"[20] A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'"[21]

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted."[22] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its

---

[14] *Id.* at 3-4.
[15] *Id.* at 5. Because Ware does not allege a claim for fraud, the Court need not further discuss Rule 9.
[16] R. Doc. 23 at 1-2.
[17] *Id.* at 3-5.
[18] Fed. R. Civ. P. 8(a)(2).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))
[20] *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[21] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).
[22] Fed. R. Civ. P. 12(b)(6).

face."[23]  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[25]  The court need not, however, accept as true legal conclusions couched as factual allegations.[26]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[27]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, that is, where the plaintiff has "failed to raise a right to relief above the speculative level," the court must dismiss the claim.[28]  A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[29]

### B. Rule 12(e) Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may seek a more definite statement if a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should only be granted when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[30]  As the Fifth Circuit has explained, Rule 12(e) motions are disfavored and "should not be used to frustrate this policy by lightly requiring a plaintiff to amend his

---

[23] *Iqbal*, 556 U.S. at 678  (quoting *Twombly*, 550 U.S. at 547).
[24] *Id.*
[25] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[26] *Ashcroft*, 556 U.S. at 678.
[27] *Id.*
[28] *Lormand*, 565 F.3d at 255-57; *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 205 (5th Cir. 2020).
[29] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).
[30] *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006)).

complaint which under Rule 8 is sufficient to withstand a motion to dismiss."[31]  A district court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."[32]  A motion for a more definite statement is inappropriate, however, "where the information sought can otherwise be obtained by discovery" or where the "particular information defendant is seeking is within defendant's own knowledge."[33]

### C. Analysis

Marathon essentially argues that Ware's complaint is an impermissible "shotgun pleading."  The Eleventh Circuit generally describes a "shotgun pleading" as a complaint that fails "to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[34]  Although Ware does allege that all of the premises defendants are liable for the same generalized actions, his complaint states the time period of his claims (1973 to 1989), the activity alleged to have caused his injury (exposure to asbestos and welding fumes), the legal theories of recovery (negligence and strict liability), and the remedies sought.  The complaint describes sufficiently the facts underlying Ware's claims to allow Marathon to prepare an answer.  Any additional information sought by

---

[31] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).
[32] *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).
[33] *Almeida v. Panther Helicopters, Inc.*, No. 20-3280, 2022 WL 1211421, at *3 (E.D. La. Apr. 25, 2022) (quoting *Babcock & Wilcox Co.*, 235 F.R.D. at 633). The distinction between a motion to dismiss pursuant to 12(b)(6) and a motion for a more definite statement pursuant to 12(e) has been described as follows:

> If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) rather than Rule 12(e).  If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.

*Anthony v. Chevron U.S.A. Inc.*, No. 23-2847, 2023 WL 6464756, at *2 (E.D. La. Oct. 4, 2023) (quoting 5C WRIGHT & MILLER, FED. PRAC. AND PROC. § 1376 (3d ed.)).
[34] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Marathon regarding the specifics of Ware's claims against it can be illuminated by discovery.[35] Here, Ware's complaint satisfies Rule 8 and survives Marathon's Rule 12(b)(6) motion. The Court sees no purpose in ordering Ware to provide a more definite statement when commencing discovery will better unveil the facts that Marathon seeks.

IV.    **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Marathon's motion to dismiss, or alternatively, for a more definite statement (R. Doc. 13) is **DENIED**.

New Orleans, Louisiana, this 31st day of October 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[35] *See Barrett v. Dresser, LLC*, 2021 WL 53658, at *2-3 (W.D. La. Jan. 6, 2021) (holding that a complaint was not a shotgun pleading and satisfied Rule 8 when it provided enough information to allow the defendant to prepare an answer and obtain the remaining facts through discovery).